UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

John M. Kraus,

         Plaintiff,

  v.

Town of Friendship et al.,

         Defendants.

**Report and Recommendation**

17-CV-23V

---

## I. INTRODUCTION

On November 2, 2015, plaintiff John Kraus ("Kraus") allegedly drove a motor vehicle in the Town of Friendship, New York while his license was suspended. On November 5, 2015, Kraus allegedly drove a motor vehicle again—in particular, a motor vehicle that lacked an ignition interlock device, a requirement imposed following a conviction for driving while intoxicated. Later that day, Kraus was arrested and charged with several violations of New York's Vehicle and Traffic Law ("VTL"). Friendship Town Court ("Town Court") dismissed all charges against Kraus on May 3, 2016 but without explaining why. Following the dismissal of charges, Kraus sued defendants the Town of Friendship, Friendship Police Officer Erica Kreamer ("Kreamer"), the Town of Cuba, and Cuba Police Officer Jeremy Clauson ("Clauson") in this District for various violations by way of 42 U.S.C. § 1983.

On March 31, 2017, the Town of Friendship and Kreamer filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 15.) A few days later, on April 3, 2017, the Town of Cuba and Clauson filed a similar motion under Rule 12(b)(6).

(Dkt. No. 17.) All defendants seek dismissal of the complaint because, in their view, Clauson and Kreamer had probable cause to arrest and to charge Kraus. To the extent that defendants have attempted to anticipate specific theories of liability from Kraus, defendants argue further that Clauson and Kraus acted in good faith and would enjoy qualified immunity against any liability. Kraus opposes the motions primarily on the basis that certain purported misrepresentations in the paperwork for the charges meant that Clauson and Kreamer acted maliciously and fraudulently when charging him.

The Hon. Lawrence J. Vilardo has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 6.) The Court held oral argument on May 31, 2017. For the reasons below, the Court respectfully recommends granting both motions in their entirety.

## II. BACKGROUND[1]

### A. *Underlying Events*

This case concerns two sets of interactions that Kraus had with law enforcement, on November 2 and November 5, 2015. On November 2, 2015, Clauson, an officer with the Town of Cuba Police Department, was in the Town of Friendship, New York shortly after 3:00 PM. Clauson saw Kraus—he knows who Kraus is—driving a pickup truck in the town. Seeing Kraus drive a pickup truck drew Clauson's attention because he knew from an unspecified prior experience that Kraus had his license suspended. Suspecting that the license remained suspended, Clauson contacted the Town of Friendship Police Department and spoke with Kreamer, the officer on duty. Clauson asked Kreamer to confirm the status of Kraus's license. Kreamer

---

[1] For the sake of brevity, the Court in this section will avoid repeated use of the words "alleged" or "allegedly" when addressing Kraus's allegations. Nothing in this Background section constitutes a finding of fact unless otherwise noted.

confirmed that Kraus's license remained suspended and asked Clauson to complete a supporting deposition to help her locate and bring charges against Kraus. Kraus was not located, arrested, or charged on November 2, 2015.

Kraus had another encounter with law enforcement a few days later, on November 5, 2015. The circumstances are not clear from the record, but Kreamer apparently had occasion to observe Kraus driving a motor vehicle that day in the Town of Friendship, at approximately 1:41 PM. Kreamer's observation was significant because, at the time, Kraus was under an obligation to drive only motor vehicles that had an ignition interlock device in them.[2] The obligation came from a prior conviction for driving while intoxicated. The record implies, and the parties do not contest, that Kreamer believed that she saw Kraus in a motor vehicle that did not have an ignition interlock device. A short time later, Kreamer found Kraus at his residence, arrested him, served him with three traffic citations, and brought him to Town Court.

The three traffic citations that Kreamer served on Kraus covered the events of both November 2 and November 5, 2015 and came in the form of simplified traffic informations. The first simplified traffic information, for November 2, charged Kraus with aggravated unlicensed operation of a motor vehicle in the second degree, in violation of N.Y. Vehicle and Traffic Law ("VTL") § 511(2)(a)(iv). (Dkt. No. 21-2 at 2.) Kreamer signed the form and affirmed under penalty of perjury. Item number seven on the form stated that the charge was based on "Officer's Direct Observation"; which officer—Clauson or Kreamer—was not specified. In support of the

---

[2] The record does not state whether Kraus obtained reinstatement of his driver's license between November 2 and November 5. If not then the record also fails to state whether Kreamer had a particular reason for not charging Kraus again with driving with a suspended license.

simplified traffic information, Clauson furnished a supporting deposition dated November 4, 2015. (Dkt. No. 21-4 at 2.) In the supporting deposition, Clauson described his direct observations of Kraus driving a pickup truck while his license was suspended. The other two simplified traffic informations charged Kraus with operating a leased, rented, or borrowed motor vehicle without an ignition interlock device, in violation of VTL § 1198(7)(a); and with operating a motor vehicle without an ignition interlock device, while under court order to use one, in violation of VTL § 1198(9)(d). Kreamer listed direct observation, presumably her own, as the basis for the charges. Any supporting depositions created in support of these simplified traffic informations are not part of the record for this case.

Kraus appeared in Town Court on November 5, 2015. Town Court set bail at $5,000 cash or $10,000 property bond. At a subsequent proceeding on May 3, 2016, Town Court dismissed all three simplified traffic informations and all charges against Kraus. (Dkt. No. 21-3 at 2.) The certificate of disposition does not list any reasons for the dismissal.

### B. This Litigation

Kraus commenced this case by filing a complaint on January 10, 2017. (Dkt. No. 1.) The complaint contains no sections labeled "claims" or "causes of action," and it does not contain any language explicitly setting forth distinct claims or theories of liability. Nonetheless, the complaint contains language that hints at federal[3] and state theories of liability. Kraus recited Clauson's

---

[3] Incidentally, the complaint does contain a section labeled "Condition Precedent," in which Kraus asserts that he commenced this case within one year and 90 days of the accrual of his claims. (Dkt. No. 1 at 2.) Kraus includes this section to assert jurisdiction under Section 50 of New York's General Municipal Law. "State notice of claim provisions, however, are not applicable to Plaintiff's civil rights claims asserted under 42 U.S.C. § 1983 as where state courts entertain a federally created cause of action, the federal right cannot

4

preparation of a supporting deposition on November 4, 2015. Kraus did not assert that the information in Clauson's supporting deposition was false. Rather, Kraus focused on Clauson's passing of the supporting deposition to Kreamer and her ambiguous listing of "direct observation" in the November 2 simplified traffic information. Kraus made reference to both November 5 simplified traffic informations but did not assert that any content in them was false. Based solely on the ambiguity in the November 2 simplified traffic information—that is, the ambiguity about who made the direct observation—and the ultimate dismissal of charges, Kraus asserted "[t]hat the actions of the above named officers of the Town of Friendship and Town of Cuba Police Departments causing the detention and arrest was unreasonable, negligent, carless, was in violation of Plaintiffs constitutional rights under the fourth (4th) and fourteenth (l4th) Amendment of the United States Constitution and those provisions of the Constitution of the State of New York." (Dkt. No. 1 at 3 ¶ 16.) Kraus asserted further "[t]hat the actions of these individual Defendants were malicious, oppressive and illegal." (*Id.* ¶ 17.) Kraus attributed liability to the municipal defendants by asserting "[t]hat upon information and belief the respective Towns of Friendship and Cuba condones [sic], condone, urged and required the individuals to act in violation of Plaintiff's constitutional rights." (*Id.* ¶ 18.) Finally, before moving to a discussion of claimed damages, Kraus made reference to his "illegal and unlawful arrest and detention." (*Id.* ¶ 19.)

---

be defeated by the forms of local practice." *Mroz v. City of Tonawanda*, 999 F. Supp. 436, 455 (W.D.N.Y. 1998) (internal quotation and editorial marks and citations omitted).

### C. Pending Motions

Defendants filed their respective dispositive motions on March 31 and April 3, 2017. Defendants have made their own attempt to infer specific claims or causes of action from the language of the complaint, and they have weighed the sufficiency of the complaint against the elements of the various possible claims. What all of defendants' principal arguments have in common, however, is probable cause. Defendants assert that Clauson and Kreamer had probable cause to believe that Kraus committed the VTL violations that made their way into the simplified traffic information forms. Even though Town Court ultimately dismissed the charges, it gave no reasons for doing so and, by extension, did not rule that the officers lacked probable cause or otherwise acted in bad faith. Town Court also did not find Kraus not guilty on the merits. Without a negation of probable cause or a finding of bad faith, according to defendants, Kraus cannot maintain any federal or state claim such as illegal arrest or malicious prosecution.

Kraus opposes the motions in all respects. Kraus reiterates that Kreamer fraudulently misrepresented Clauson's observations as her own, but he does so in a confusing way. Kraus seems to believe that all three simplified traffic informations alleged violations that occurred on November 5, 2015, and that Kreamer borrowed Clauson's supporting deposition for all three while making no direct observations of her own. The Court finds that Kraus's belief is misplaced. The date of offense for the aggravated unlicensed operation charge clearly is November 2, 2015. (Dkt. No. 21-1 at 4; Dkt. No. 21-2 at 2; Dkt. No. 21-4 2.) Clauson prepared a supporting deposition only for the aggravated unlicensed operation charge. Kreamer relied on her own direct observations for the offenses dated November 5, 2015. Again, whether Kraus requested

6

supporting depositions for the latter two offenses, and what Kreamer might have put in those supporting depositions, are not part of the record.

III.   DISCUSSION

Technically, defendants have filed the two pending motions under different parts of Rule 12—one motion under Rule 12(b)(6) and one under Rule 12(c). The Court, however, will assess both motions together since the same standard governs both sections of Rule 12. *E.g., L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

### A. *Motions to Dismiss Generally*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Courts assess Rule 12(b)(6) motions "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted). "On a motion to dismiss, the court may consider any written instrument attached to the complaint as an exhibit or

7

any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (editorial and internal quotation marks and citation omitted). "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (internal quotation marks and citation omitted).

As a preliminary matter, the Court must decide whether to consider several documents that have become part of the record but lie outside of the complaint. "Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation and editorial marks and citation omitted). "Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. However, even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks and citations omitted). "A document is integral to the complaint where the complaint relies heavily upon its terms and effect. Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering

limited quotations from the document is not enough. In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." G*oel*, 820 F.3d at 559 (internal quotation and editorial marks and citations omitted).

Applying this standard, the Court can consider a few of the documents that Kraus had added to the record. The record contains copies of all three uniform traffic tickets, all three simplified traffic informations, and Clauson's supporting deposition. Kraus refers to all three alleged violations explicitly in the complaint, and rests his assertions of liability critically on the veracity of the paperwork associated with those violations. The Court thus will accept these documents and will consider them as needed. The Court similarly will consider the certificate of disposition that Kraus has added to the record; paragraph 19 of the complaint makes explicit reference to the dismissal of charges as part of the reason why defendants are liable for their conduct. In contrast, the Court will give only limited consideration to an affidavit that Kraus attached to his motion papers. (Dkt. No. 21-5.) The affidavit adds a few background details, such as the setting of bail, that helped the Court understand the series of events that gave rise to this case. The rest of the affidavit contains evidentiary arguments that are not appropriate for motions to dismiss. "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). Similarly,

9

the Court will disregard an attempted explanation of why Town Court dismissed the charges against Kraus—that the dismissal occurred as part of a global plea deal that resolved other traffic violations as well. (Dkt. No. 23 at 8.) All that matters for the Court's purposes here is that Kraus has not pled actual innocence to the charges in the simplified traffic informations, and that he has not attached or referred to any documentary evidence establishing a finding of actual innocence from Town Court.

### B. Probable Cause

As defendants have pointed out while trying to anticipate specific theories of liability, the complaint can be read to assert one or more of the following possible claims: illegal search and seizure in violation of the Fourth Amendment; some kind of due-process or equal-protection claim in violation of the Fourteenth Amendment; violations of analogous provisions of the New York Constitution; and common-law claims such as false arrest, malicious prosecution, and unlawful confinement. Central to just about any theory of liability that Kraus could advance, however, is probable cause. Clauson and Kreamer either had probable cause to arrest and to charge Kraus, or they did not. If they had probable cause then several consequences would follow. The officers' actions would have been proper outright; they would have been acting in good faith; they would have been acting within the scope of their duties, meaning that qualified immunity almost certainly would apply in the event of any actual constitutional violation; and the ultimate outcome of the charges would be irrelevant as to them and instead an independent decision of Town Court. Consequently, before attempting a brainstorming exercise and an exhaustive review of numerous elements of numerous possible claims, the Court will begin by assessing the issue of probable

cause. *Cf., e.g., Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) ("We may exercise pendent jurisdiction to decide whether [the plaintiff] has alleged a constitutional violation at all before deciding whether [the defendant] is shielded by qualified immunity. Although it is no longer required, the probable cause inquiry may precede any inquiry into qualified immunity because there cannot be an allegation of a constitutional violation where probable cause justifies an arrest and prosecution. In this case, it is beneficial to first address whether [the defendant] had probable cause, because it best serves the interests of judicial economy.") (internal quotation marks and citations omitted); *see also id.* ("A court examines each piece of evidence and considers its probative value, and then looks to the totality of the circumstances to evaluate whether there was probable cause to arrest and prosecute the plaintiff. If probable cause existed, it presents a total defense to [the plaintiff's] actions for false arrest and malicious prosecution; [the officer] would be entitled to judgment as a matter of law.") (internal quotation and editorial marks and citations omitted).

"The test for probable cause is not reducible to precise definition or quantification. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence have no place in the probable-cause decision. All we have required is the kind of fair probability on which reasonable and prudent people, not legal technicians, act. In evaluating whether the State has met this practical and common-sensical standard, we have consistently looked to the totality of the circumstances. We have rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach." *Florida v. Harris*, 568 U.S. 237, 133 S. Ct. 1050, 1055 (2013) (internal quotations and editorial marks and citations omitted). An assessment of probable cause becomes easier in the scenario of a direct observation of a legal

infraction. "Probable cause arises when the police reasonably believe that an offense has been or is being committed . . . . When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *United States v. Scopo*, 19 F.3d 777, 781–82 (2d Cir. 1994) (internal quotation marks and citations omitted), *quoted in Kennedy v. City of New York*, 570 F. App'x 83, 84 (2d Cir. 2014) (summary order). Additionally, although Kreamer prepared the simplified traffic informations before arresting Kraus, New York law gives police officers statutory authority to arrest without a warrant when they directly observe a legal infraction. *See* N.Y. Crim. Proc. Law ("CPL") § 140.10(1)(a) (with exceptions not relevant here, "a police officer may arrest a person for [a]ny offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence").

Here, Clauson and Kreamer had probable cause to arrest Kraus and to charge him with all three violations that appeared in the three simplified traffic informations. Clauson directly observed Kraus driving on November 2, 2015. On and through November 2, 2015, Kraus had a suspended driver's license, a fact that Clauson suspected and that Kreamer confirmed through a records check. *See McGuire v. City of New York*, 142 F. App'x 1, 3 (2d Cir. 2005) (summary order) ("[A] police officer, upon ascertaining from a DMV check that a motorist's license has been suspended, is not required to make further inquiry as to guilty knowledge to make a lawful § 511 arrest."); *accord Demar v. Slusser*, No. 2:16-CV-36-JMC, 2017 WL 2124410, at *5 (D. Vt. May 16, 2017). A delay of three days between Kreamer's confirmation and Kraus's arrest would not change the occurrence of the infraction, and Kraus has not persuaded the Court otherwise. *See United States v. Kendrick*, No. 10-CR-6096-FPG, 2015 WL 2356890, at *5 (W.D.N.Y. May 15, 2015)

12

(rejecting an argument that, during a Fourth Amendment seizure, an officer "was required to issue the ticket and allow the driver to proceed without further inquiry or delay"). On November 5, 2015, Kreamer directly observed Kraus operating a motor vehicle that lacked an ignition interlock device. As the Court noted above, any supporting depositions generated in connection with the November 5 infraction are not part of the record, but the complaint lacks any explicit assertion that the alleged conduct did not occur or that Kreamer did not directly observe it. Kraus instead has attacked Kreamer's credibility based on the paperwork for the November 2 infraction, an issue that the Court addresses briefly below. Under these circumstances, no constitutional or other violations occurred here. Kraus is correct that Town Court dismissed the charges, but that court never said why. If Town Court had held some sort of hearing and had specifically negated the officers' probable cause on federal constitutional grounds, or perhaps found Kraus not guilty on the merits, then that ruling potentially would have changed Kraus's situation. As it stands, this Court cannot speculate that Town Court dismissed the charges because it found Kraus not guilty. *See, e.g., Russell v. The Journal News*, No. 16-12-CV, 2016 WL 7077350, at *1 (2d Cir. Dec. 5, 2016) (summary order) (dismissal of charges based on facial insufficiency "does not constitute a favorable termination" as needed for a claim of malicious prosecution); *Williams v. City of New York*, No. 07 CIV. 3764 (RJS), 2008 WL 3247813, at *4 (S.D.N.Y. Aug. 7, 2008) ("Where a plaintiff asserts a claim of malicious prosecution based on a charge that was dismissed, the plaintiff must show that the final disposition is indicative of innocence in order to show that the charge was favorably terminated.") (internal quotation marks and citations omitted).

Kraus's argument about the false and fraudulent nature of the November 2 simplified traffic information merits a brief comment. Under New York law, a simplified traffic information issues under CPL § 100.10(2)(a) from a police officer and "designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges." Under CPL §100.25(2), a defendant who makes a timely request is entitled to "a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged." The allowance of facts upon information and belief means that a supporting deposition under CPL § 100.25(2) may rest on hearsay. *See* 1-4 New York Criminal Practice § 4.10 (Lexis 2017). The situation here presents a little bit of a twist. The supporting deposition, written by Clauson, is not hearsay as to him since it was based on his direct observations; it is hearsay only relative to Kreamer and her simplified traffic information. Given the general allowance of hearsay, Kraus has made no showing that the officer who signs a simplified traffic information and the officer who signs a supporting deposition must be the same person. Neither has the Court found any such authority on its own. In any event, the Court need not reach a definitive interpretation of CPL §100.25(2) because, even if some procedural error occurred under the CPL, "it is not the province of the Fourth Amendment to enforce state law." *Virginia v. Moore*, 553 U.S. 164, 178 (2008).

In light of the Court's conclusions about probable cause, any assessment of possible specific theories of liability or of any other arguments from defendants is unnecessary. The Court

also declines to consider Kraus's alternative request to submit an amended complaint (Dkt. No. 21 at 3), since an amended complaint would not change the analysis described above.

IV. CONCLUSION

Officers Clauson and Kreamer had probable cause to arrest Kraus and to charge him with three traffic violations that occurred on November 2 and November 5, 2015. With probable cause established, the complaint as a matter of law fails to allege any conduct that could give rise to liability as against any of the defendants. Accordingly, the Court respectfully recommends granting defendants' motions (Dkt. Nos. 15, 17) in their entirety.

V. OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

__/s Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

DATED: June 2, 2017