UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN M. KRAUS,

                Plaintiff,                17-CV-23(LJV)(HBS)
                                                      ORDER

    v.

TOWN OF FRIENDSHIP,
ERICA KREAMER,
TOWN OF CUBA AND
JEREMY CLAUSON,

                Defendants.
_____

On March 3, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings pursuant to 28 U.S.C. Section 636(b)(1)(A) and(B). Docket Item 6.

On March 31, and April 3, 2017, the defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), or for judgment on the pleadings under Fed. R. Civ. P. 12(c). Docket Items 15 and 17. On April 17, 2017, the plaintiff responded to the defendants' motions, Docket Item 21, and on May 18 and 19, 2017, the defendants replied. Docket Items 22 and 23.

On May 31, 2017, Judge Scott heard oral argument, and on June 2, 2017, he issued a Report and Recommendation (R&R) finding that the defendants' motions should be granted in their entirety. Docket Item 26. The plaintiff did not object to the R&R, and the time to do so now has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which there are no objections. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's R&R as well as the plaintiff's submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to grant the defendants' motions. As Judge Scott found, the defendants had probable cause to arrest and charge the plaintiff, and the plaintiff offers no good reason to find otherwise. Because the defendants had probable cause to arrest and charge the plaintiff independent of the technical mistakes and discrepancies he alleges, there is no issue of fact material to his claim that his constitutional rights were violated by the arrest and the charges.

Indeed, the plaintiff's submissions, including his own affidavit, do not contest the substance of the reasons for his arrest. The plaintiff does not deny driving a vehicle in violation of conditions imposed as a result of his prior conviction for driving while intoxicated; instead, he challenges discrepancies between and among the various traffic tickets and supporting depositions. Those discrepancies may have been grounds to attack the charges. They may have led the town justice to dismiss the charges. But

they do not suggest that the officers had no probable cause to arrest and charge the plaintiff.

For the reasons stated above and in the R&R, the defendants' motions to dismiss or for judgment on the pleadings are GRANTED in their entirety; the complaint is dismissed; and the Clerk of the Court is instructed to close the file.

SO ORDERED.

Dated: October 13, 2017
       Buffalo, New York

                                                **_s/Lawrence J. Vilardo_**
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE